IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GEORGE TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   NO. 1:06-CV-314 |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by George Taylor, a *pro se* prisoner, on September 1, 2006.  For the reasons set forth below, Taylor's habeas corpus petition is **DISMISSED**. The Clerk is **ORDERED** to distribute a copy of this order to Petitioner, Prisoner No. 039264, at the Zephyrhills Correctional Facility, in Zephyrhills, Florida or to such other more recent address that may be on file for Petitioner.

DISCUSSION

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts.

Taylor states that judgment was entered on June 18, 2001, after he pled guilty to murder in the Allen Superior Court. He states in his attachments that on that same day the court denied his request for a concurrent sentence. Despite some confusing answers to the questions on his habeas corpus petition form, from the totality of his filings it is evident that he did not take a direct appeal to the Indiana Supreme Court. On March 16, 2004, he filed a motion in the Allen Superior Court again asking for consideration of a concurrent sentence. Though Taylor details other subsequent filings, they are not necessary or relevant to the analysis of this petition.

Habeas corpus petitions are subject to a 1-year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases

> on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the limitation period began to run upon the expiration of the time for seeking a direct appeal of his June 18, 2001, judgment of conviction. *See* 28 U.S.C. § 2244(d)(1)(A). In Indiana, a notice of appeal must be filed within 30 days of sentencing. Ind. R. Crim. P. 19. Therefore, the statute of limitation for this conviction expired on July 18, 2002. Because he did not sign this habeas corpus petition until more than four years later on August 22, 2006, it is untimely and must be dismissed.

CONCLUSION

For the reasons set forth above, Taylor's habeas corpus petition is **DISMISSED** pursuant to Habeas Corpus Rule 4 because it is untimely.

**DATED: September 28, 2006**         **/s/RUDY LOZANO, Judge**
                                      **United States District Court**